IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America, | Crim. No. 4:09-cr-01370-TLW-1 |
| v. | **Order** |
| Robert Andre Legette | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018, passed by Congress and signed into law by the President on December 21, 2018. Pub. L. No. 115-391, 132 Stat. 5194. This law contains sentencing provisions that apply retroactively to certain defendants previously sentenced.

Defendant pled guilty to a charge of Possession With Intent to Distribute 5 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). After the Government withdrew at sentencing the § 851 Information that it previously filed, his statutory sentencing range was 5–40 years, followed by at least 4 years of supervised release. PSR ¶¶ 102, 107; ECF No. 70.

At sentencing, Defendant was held accountable for 1.3 kilograms of crack. PSR ¶ 48; ECF No. 70. His Guidelines range at sentencing—after taking into account his classification as a career offender—was 262–327 months (34/VI), followed by 4 years of supervised release. PSR ¶¶ 103, 110; ECF No. 70. The Court granted the Government's motion for a downward departure and departed four levels to a Guidelines range of 168–210 months (30/VI) and ultimately imposed a sentence of 180 months incarceration, followed by a 4-year term of supervised release. ECF No.

1

69. His sentence was later reduced to 150 months pursuant to a Rule 35(b) motion. ECF No. 136.

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." As noted above, Count 1 charged him with violating 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Section 2(a) of the Fair Sentencing Act modified the statutory penalties set forth in 21 U.S.C. § 841(b)(1)(B)(iii) by increasing the threshold amount of crack from 5 grams to 28 grams. Because Defendant is serving a sentence for a pre-August 3, 2010 violation of § 841(b)(1)(B)(iii), he is eligible for a sentence reduction under § 404(b) of the First Step Act. *See United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019).

In Defendant's motion, he requests a full resentencing hearing. *See* ECF No. 185 at 3. Judge Currie has recently considered this question and concluded that a First Step Act defendant is not entitled to a full resentencing. *United States v. Shelton*, No. 3:07-329 (CMC), 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). The Court notes Judge Currie's thorough, well-reasoned opinion and adopts her analysis of the applicable law in this case. Thus, the Court concludes that although Defendant is eligible for a sentence reduction, he is not entitled to a full resentencing. *See also*

*Wirsing*, 943 F.3d at 181 n.1 ("Defendant does not contest that his relief, if any, will be in the form of a limited sentence modification rather than a plenary resentencing.").

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." The Government opposes a reduction in his imprisonment term and points out that his current sentence of 150 months is approximately three years below the bottom of his post-First Step Act Guidelines range of 188–235 months. ECF No. 187 at 3. Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. The Court also notes his argument that his Guidelines range appears to have been miscalculated at his original sentencing. In light of these considerations, the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) he was held accountable at sentencing for a crack weight (1.3 kilograms) that would have supported a charge to

the current threshold amount (28 grams);[1] (2) his original sentence was within the Guidelines range that would have applied absent the mistaken calculation;[2] (3) he was on parole when he committed the instant offense; (4) he possessed a firearm in connection with this offense; (5) he has a significant criminal history, including convictions for strong arm robbery, possession with intent to distribute crack, possession of a sawed-off shotgun, and unlawful carrying of a pistol; (6) he would still be a career offender under current law. For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 185, is therefore **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 14, 2020
Columbia, South Carolina

---

[1] The Court notes that he pled guilty to a possession with intent to distribute charge rather than a conspiracy charge, but the offense of conviction arose from the execution of a search warrant during which police found 29.52 grams of crack, which exceeds the current 28-gram threshold. *See* PSR ¶ 14.

[2] It appears that his Guidelines range at sentencing should have been calculated as follows: base offense level 34, plus 2 for the firearm enhancement, which exceeds the proper career offender offense level of 34. After reducing his adjusted offense level of 36 by 3 levels for acceptance of responsibility and 4 levels for the downward departure, his Guidelines range would have been 151–188 months (29/VI). The 180-month sentence he received was within that range.